IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN NOW,

      Plaintiff,

    v.                           Case No. 17-CV-0820

JESSE KREMER,
JOHN NYGREN,
ROBIN VOS,
in their official capacities,

      Defendants.

---

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE
EXPERT REPORT OF KATHLEEN BARTZEN CULVER, PHD.
AND BRIEF IN SUPPORT OF MOTION**

---

The defendants move, under Rule 702 of the Federal Rules of Evidence and Seventh Circuit case law, to strike portions of the expert report of Kathleen Bartzen Culver, Ph.D., (Dkt. 26), from the summary judgment record. Dr. Culver's report contains legal opinions, opining that the Twitter accounts at issue are public forums under the First Amendment and not government speech, and that the defendants' actions constitute state action. Expert witnesses, however, are not permitted to testify about the law because judges do not need expert assistance in ruling on legal issues. The Seventh Circuit clearly holds this kind of testimony on legal issues is

inadmissible when offered by lawyers, but it is doubly inadmissible given that Dr. Culver is not even a lawyer.

## BACKGROUND

Dr. Culver has a Ph.D in mass communications and teaches at the University of Wisconsin's School of Journalism and Mass Communication. (Dkt. 26:1 ¶ 1.) As a result, the defendants are not moving to strike the portions of Dr. Culver's report that are within her area of expertise, such as the facts she lays out as to how Twitter works, although the defendants note that many of  these facts are not disputed.

Dr. Culver, however, overstepped her expertise by offering opinions on the legal issues in this case. She does not have a law degree. (Culver Dep. 9:14–16.) Yet in offering her opinions, she relied on "case law relevant to the role of social media in democratic deliberation, public fora, government speech and private speech under the First Amendment." (Dkt. 26:3 ¶ 7.) In addition, her methodology involved the "legal analysis of relevant precedent." (Dkt. 26:3 ¶ 8.) Her introductory paragraphs end with an analysis of the Supreme Court's ruling in *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017). (Dkt. 26:4 ¶ 10.) At deposition, she confirmed that in developing her opinions she applied the legal concepts from precedent and applied it to the facts of this case. (Culver Dep. 25:8–11.)

Dr. Culver opines that "[p]olitical speech is accorded special deference in the United States." (Dkt. 26:8 ¶ 16.) She also applies the theory of First Amendment theorist Alexander Meikeljohn, contained in a law review article, about the First Amendment's protection of political speech. (Dkt. 26:8–10 ¶¶ 16–19.)

She also explicitly opines the legal issues present in this case. She opines that "Twitter presents a public forum in this case." (Dkt. 26:10 ¶ 19.) In doing so, she applied her view of public forum case law to the facts of this case. (Culver Dep. 58:18–59:2.) She lists the three types of forums (traditional public forum, designated public forum, and nonpublic forum) and then applies that framework to the facts of this case. (Dkt. 26:11–13 ¶¶ 20–26.) In doing so, she cites legal authority like *Packingham*. (Dkt. 26:11 ¶ 22.)

Dr. Culver also opines that the defendants' use of Twitter is not "government speech" as defined by *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009). (Dkt. 26:13 ¶ 27.) She applies the legal doctrine from that case to the defendants' Twitter accounts and concludes they do not constitute government speech. (Dkt. 26:13–14 ¶ 28.) At deposition, she confirmed that this opinion was based on her understanding of the *Pleasant Grove* decision. (Culver Dep. 70:16–71:6.)

Further, Dr. Culver opines that "[d]espite the fact that blocking occurs on a private social media platform like Twitter, it constitutes state action, raising First Amendment concerns." (Dkt. 26:14 ¶ 30.) At deposition, she confirmed this was based on her study of case law and other secondary sources. (Culver Dep. 76:16–77:5.)

Lastly, she opines that "nothing in the First Amendment theory or precedent would require" the defendants to read what is posted on their social media accounts. (Dkt. 26:15 ¶ 32.) She also opines on allegedly lesser restrictive alternatives and that the defendants would be allowed "to warn commenters and mentioners about harmful or abusive expression" but that they must be "viewpoint neutral" to comply with the First Amendment. (Dkt. 26:15–16 ¶ 34.)

## ARGUMENT

The defendants move to strike paragraphs 10, the first sentence of paragraph 11, and paragraphs 16 through 18, 20 through 28, 30, and 32 through 34 of Dr. Culver's report. This motion is necessary because many of the plaintiffs' proposed findings of fact reference Dr. Culver's report as factual support, with each paragraph of her report included as a proposed finding (Dkt. 29:42–57 ¶¶ 191–224), with proposed findings 200, the first sentence of 201, and 206 through 208, 210 through 218, 220, and 222 through 224 corresponding to the challenged paragraphs of the report.

## I.    Dr. Culver's opinions are inadmissible legal opinions.

Dr. Culver's legal opinions are inadmissible because "[c]ourts do not consult legal experts; they are legal experts." *Grussgott v. Milwaukee Jewish Day Sch., Inc.*, 882 F.3d 655, 661–62 (7th Cir. 2018). In numerous cases, the Seventh Circuit has "determined that Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case." *United States v. Sinclair*, 74 F.3d 753, 758 (7th Cir. 1996). The Seventh Circuit has repeatedly applied this rule because testimony on the law simply does not fall within the acceptable uses of expert witnesses in Rule 702. Expert testimony is allowed if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Dr. Culver's opinions do not help the court on summary judgment, or the ultimate trier of fact should this case proceed to a trial, determine a fact in issue or understand the facts.

The application of the law to the facts for purposes of the plaintiff's summary judgment motion, and this case in general, is an issue for the court. An opinion on how the court should rule on the summary judgment motion is not an appropriate use of expert testimony. *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994). This testimony is inadmissible because it is based "on purely legal matters and made up solely

of legal conclusions." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). The Seventh Circuit does not allow experts to opine on foreign law when there are published materials on which the court can rely, *Sunstar, Inc. v. Alberto-Culver Co.*, 586 F.3d 487, 496 (7th Cir. 2009), let alone issues of federal constitutional law that federal courts were established to decide. If the plaintiffs think Dr. Culver's opinions on the law are helpful, they should have her "help counsel write the briefs and present oral argument." *RLJCS Enters., Inc. v. Prof'l Ben. Tr. Multiple Emp'r Welfare Ben. Plan & Tr.*, 487 F.3d 494, 498 (7th Cir. 2007). They should not be presented as an expert report.

The Seventh Circuit recently ruled on this very issue in *Grussgott*. The plaintiff brought a claim for termination in violation of the American Disabilities Act against a Jewish school, which defended the case by arguing that the plaintiff was covered by the ministerial exception to the ADA. *Grussgott,* 882 F.3d at 656. The court held that the district court properly disregarded an expert declaration that "conveyed a legal opinion as to whether the ministerial exception applied to" the plaintiff. *Id.* at 662. The court ruled that the expert "had overstepped his role as an 'expert' by opining on the ultimate question of whether [plaintiff] was a ministerial employee." *Id.* The same is true here, where Dr. Culver opines that the

6

defendants' Twitter accounts are public forums, and not government speech, and that their actions constitute state action

## II.    Dr. Culver is not qualified to offer legal opinions.

Even if legal expert opinion testimony were allowed under the rules, Dr. Culver would not be qualified to offer it. Rule 702 requires an expert witness have "scientific, technical or other specialized knowledge" that would make her testimony on the law helpful to the Court. Fed. R. Evid. 702. Dr. Culver has no law degree, is not a practicing lawyer, and has no greater experience than the Court in applying First Amendment precedent. As a communications profession, Dr. Culver surely has no basis on which to opine on what constitutes "state action" for constitutional purposes. Because Dr. Culver's experience with the law is not greater than this Court's, she is not qualified to offer expert opinions on the law.

## CONCLUSION

For the foregoing reasons, the Court should strike paragraphs 10, the first sentence of paragraph 11, and paragraphs 16 through 18, 20 through 28, 30, and 32 through 34 of Dr. Culver's expert report (Dkt. 26) and not consider the report as factual support for plaintiffs' proposed findings of fact 200, the first sentence of 201, and 206 through 208, 210 through 218, 220, and 222 through 224 corresponding to the challenged paragraphs of the report.

Dated this 16th day of July, 2018.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General of Wisconsin

Electronically signed by:

s/ Steven C. Kilpatrick
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452

BRIAN P. KEENAN
Assistant Attorney General
State Bar #1056525

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (Kilpatrick)
(608) 266-0020 (Keenan)
(608) 267-2223 (Fax)
kilpatricksc@doj.state.wi.us
keenanbp@doj.state.wi.us