THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ONE WISCONSIN NOW,

    Plaintiff,

v.                                           Case No. 17-CV-820

JESSE KREMER, in his Official Capacity,
JOHN NYGREN, in his Official Capacity,
ROBIN VOS, in his Official Capacity,

    Defendants.

---

### PLAINTIFF'S BRIEF ON THE REMAINING ISSUE OF RELIEF

---

Pursuant to the Court's Opinion and Order granting its motion for summary judgment and denying Defendants' motion (Dkt.#80 at 29), Plaintiff One Wisconsin Now, Inc. ("OWN" or "Plaintiff") submits this brief on the remaining issue of relief. Plaintiff seeks three remedies for the violation of its First Amendment rights found by the Court: a permanent injunction on Defendants' blocking of OWN from their Twitter accounts; declaratory relief; and attorneys' fees and costs. (Amend. Compl., Dkt.#17 at 18.) Plaintiff asks that the Court grant OWN injunctive and declaratory relief with its final judgment; Plaintiff will seek its costs and fees in post-judgment proceedings under Fed. R. Civ. P. 54(d).

1. *The Court Should Issue Injunctive Relief to Enjoin Defendants from Blocking Plaintiff from their Twitter Accounts.*

Plaintiff's amended complaint requests "a permanent injunction requiring Defendants to unblock [OWN] from Defendants' accounts, and prohibiting Defendants from blocking [OWN] or others from the Accounts." (Dkt.#17 at 18.) The Court

1

commented that "[t]his request, for the most part, appears reasonable," except for the request that the relief order apply to others besides the Plaintiff. (Dkt.#80 at 29.) The Court also noted the requested relief against Defendant Kremer appears moot due to his departure from office earlier this year. (*Id*. at 29 & n.14.) Plaintiff thus confines its request for injunctive relief to Defendants Vos and Nygren, on behalf of itself only.

As explained in Plaintiff's summary judgment briefing (Dkt.#28 at 40-41), permanent injunctive relief based on a grant of summary judgment is appropriate where a plaintiff shows "(1) success, as opposed to a likelihood of success, on the merits; (2) irreparable harm; (3) that the benefits of granting the injunction outweigh the injury to the defendant; and, (4) that the public interest will not be harmed by the relief requested." *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012). In its response to Plaintiff's motion, Defendants stated they "do not disagree" that Plaintiff has met the legal requirements for an injunction "if [the Court] holds Defendants liable," excepting only any defendant sued in his official capacity who has left office. (Doc.#47 at 33 &n.8.) In other words, now that liability has been decided in Plaintiff's favor, Defendants have conceded that Plaintiff is entitled to injunctive relief at least as to Defendants Vos and Nygren.

As Defendants have foreshadowed, Plaintiff can satisfy the showing for permanent injunctive relief. *First*, the Court's Order granting Plaintiff's motion for summary judgment and finding that Defendants violated OWN's First Amendment rights by blocking Plaintiff from their Twitter accounts clearly establishes success on the merits. (Dkt.#80 at 28-29.)

*Second*, Plaintiff has been irreparably harmed. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."

2

*Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 2690, 49 L. Ed. 2d 547 (1976); *Am. Civil Liberties Union of Illinois v. City of St. Charles*, 794 F.2d 265, 274 (7th Cir. 1986) (same); *see also Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011) (infringement of constitutional rights by facially invalid law causes irreparable harm) (citing 11A Charles Wright et al., Fed. Pac.& Proc. § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.")); *Preston v. Thompson*, 589 F.2d 300, 303 n.34 (7th Cir. 1978) ("The existence of a continuing constitutional violation constitutes proof of an irreparable harm."). The Court has already concluded that "defendants' content-based restrictions [in blocking Plaintiff from their Twitter accounts] are impermissible and in violation of plaintiff's First Amendment rights." (Dkt.#80 at 28-29.) The constitutional injury found by the Court demonstrates Plaintiff has suffered irreparable harm.

*Third*, the benefits of the requested injunction outweigh any injury to the Defendants. The Defendants have asserted no injury from unblocking OWN, and indeed, their summary judgment response concedes there will not be one. (*See* Doc.#47 at 33 &n.8.) Unblocking presents a minimal intrusion, if any, on the Defendants. *See Knight First Amendment Institute v. Trump*, 302 F. Supp. 3d 541, (S.D.N.Y. 2018) (describing "the correction of an unconstitutional act" as non-discretionary, ministerial duty). Yet doing so has a significant benefit to OWN, restoring its access to the designated public forums the Defendants have created and the speech OWN exercises there.

*Fourth*, the public interest will not be harmed by the relief requested. In fact, it will be enhanced by the restoration of Plaintiff's First Amendment rights, as "injunctions protecting First Amendment freedoms are always in the public interest." *Korte v. Sebelius*,

735 F.3d 654, 666 (7th Cir. 2013) (citing *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir.2006)).  Other members of the public will also be the beneficiaries of OWN's enhanced speech opportunities and participation in the designated public forums Defendants have created.

In this case, as in most under the First Amendment, success on the merits is the determinative factor because it establishes the others.  *Higher Soc'y of Indiana v. Tippecanoe Cty., Indiana*, 858 F.3d 1113, 1116 (7th Cir. 2017).  Plaintiff has thus demonstrated its entitlement to injunctive relief.  In its final judgment, the Court should order and adjudge that Defendants Vos and Nygren are permanently enjoined from blocking Plaintiffs from the @repvos and @rep89 Twitter accounts at issue in this case.

2.   *The Court Should Grant Plaintiff Declaratory Relief.*

Next, Plaintiff's amended complaint asks that the Court "declare Defendants' acts, policies, or practices of blocking [] One Wisconsin Now from Defendants' Accounts to be unconstitutional under the First and Fourteenth Amendments." (Doc.#17 at 18.)  The Court should issue a declaratory judgment to this effect.

The Federal Declaratory Judgment Act permits a court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also* Fed. R. Civ. P. 57.  The Seventh Circuit Court of Appeals has long held that issuing declaratory relief is appropriate when it effectuates the purpose of the Declaratory Judgment Act to afford relief from uncertainty with respect to legal relations.  *Sears, Roebuck & Co. v. Am. Mut. Liab. Ins. Co.*, 372 F.2d 435, 438 (7th Cir. 1967).

Declaratory relief is commonly granted in cases finding First Amendment and other constitutional violations. For example, in the two social media blocking cases this Court relied on in issuing its summary judgment decision, the plaintiffs variously obtained declarations that the defendant acted under color of law, defendant's Twitter feeds was a public forum, and that engaging in viewpoint discrimination in the public forums created by the defendants violated the First Amendment to the U.S. Constitution. *Knight First Amend. Institute v. Trump*, 302 F.Supp.3d 541, 579 (S.D.N.Y. 2018) (issuing declaration that Defendant's blocking of plaintiffs because of their expressed political views violates the First Amendment); *Davison v. Loudoun County Bd. of Supervisors*, 267 F.Supp.3d 702, 723-24 (E.D.Va. 2017) (granting declaratory relief to clarify rights of the parties where defendant had already un-banned plaintiff from her Facebook page).

The Court's summary judgment decision has found that all three named defendants—Representatives Vos, Nygren, and Kremer—violated Plaintiff's First Amendment rights when they engaged in content-based blocking of Plaintiff from their Twitter accounts. (Doc.#80 at 28-29.) The Court should incorporate this finding in its final judgment as declaratory relief as to Defendants Vos and Nygren.[1] It should also declare that Defendants acted under color of law when they created and operated their accounts and that the interactive portions of the accounts are public forums. Doing so would appropriately accomplish the objectives of the Federal Declaratory Judgment Act to declare the parties' rights and legal relations, and would supplement the redress provided by the permanent injunction.

---

[1] It is unclear, on the facts currently available to Plaintiff, whether Defendant Kremer's successor in office will continue Kremer's practice of utilizing Twitter or blocking followers.

*3. Plaintiff Will Seek Attorneys' Fees and Costs in a Future Motion.*

Finally, Plaintiff's amended complaint requests attorneys' fees and costs under 42 U.S.C. § 1988. (Dkt.#17 at 18.) The Court should take up this request in post-judgment motions.

The Civil Rights Attorney's Fees Awards Act of 1976 provides, "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 90 Stat. 2641, 42 U.S.C. § 1988. The Supreme Court has recently confirmed that plaintiffs who obtain declaratory or injunctive relief are prevailing parties ordinarily entitled to their attorneys' fees and costs under 42 U.S.C. § 1988. *Lefemine v. Wideman*, 568 U.S. 1, 4, 133 S. Ct. 9, 11, 184 L. Ed. 2d 313 (2012) (holding plaintiff who obtained injunctive and declaratory relief to facilitate protected First Amendment protest activity was a prevailing party).

The time for seeking attorneys' fees and costs under 42 U.S.C. § 1988 is in a post-judgment motion under Fed. R. Civ. P. 54(d)(2), after other relief has been awarded. Plaintiff will also have a more complete accounting of its fees and costs at that time, when briefing and any other needed work on the remedy portion of the case is complete. Thus, Plaintiff will demonstrate its entitlement to fees and provide appropriate documentation supporting its fee request in a motion after final judgment is entered. Plaintiff anticipates that the requested grant of injunctive and declaratory relief, alone or in combination, will amply support a fee award under 42 U.S.C. § 1988.

## CONCLUSION

For the reasons stated above, the Court should grant as a remedy, and include in the final judgment in this case, the injunctive and declaratory relief requested above. Plaintiff will seek attorneys' fees and costs in a post-judgment motion.

Dated this 30th day of January, 2019.

PINES BACH LLP

*/s/ Christa O. Westerberg*
Lester A. Pines, SBN 1016543
Christa O. Westerberg, SBN 1040530
Aaron G. Dumas, SBN 1087951

*Attorneys for One Wisconsin Now, Plaintiff*

Mailing Address:
122 West Washington Ave
Suite 900
Madison, WI 53703
(608) 251-0101 (telephone)
(608) 251-2883 (facsimile)
lpines@pinesbach.com
cwesterberg@pinesbach.com
adumas@pinesbach.com