IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ONE WISCONSIN NOW

     Plaintiff,

v.                                                                              Case No. 17-CV-820

JESSE KREMER, in his Official Capacity,
JOHN NYGREN, in his Official Capacity,
ROBIN VOS, in his Official Capacity,

     Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON MOOTNESS GROUNDS

Plaintiff One Wisconsin Now ("OWN" or "Plaintiff") opposes Defendants' Motion to Dismiss on Mootness Grounds (Dkt #72) as follows:

OWN agrees that a claim for mootness would apply to Jesse Kremer, one of the original Defendants in this case. However, as noted by Defendants in their brief on this motion, Kremer has been succeeded as State Representative to Wisconsin's 59th Assembly District by Timothy S. Ramthun, who is now substituted for Kremer. (Dkt #72 at 1 & n. 1, 2; Dkt. #83.) OWN's claim against Ramthun is not moot.

**I.**     **OWN's claim is not moot because it has a reasonable expectation that Ramthun will continue his predecessor's Twitter policies in violation of OWN's First Amendment Rights.**

A claim is rendered moot only when "an event occurs while a case is pending that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) (internal citation omitted). Defendants argue that this case is moot because Kremer has left office and thus personally

ceased his offending conduct. (Dkt #72 at 2-4.)  However, the matter is not so simple, as at least one of the several exceptions to the mootness doctrine applies here.

First, an otherwise mooted claim is not moot when the injury is "capable of repetition." *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 529 (7th Cir. 2001).  Such is the case when the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Id.*

Further, the Seventh Circuit has recognized an exception specifically for the context of a public official, sued in his official capacity for declaratory or injunctive relief, who is subsequently replaced in that office during the pendency of the litigation—which is exactly the scenario present here.  *Kincaid v. Rusk*, 670 F.2d 737, 741 (7th Cir.1982) (citing *Spomer v. Littleton*, 414 U.S. 514, 520–523, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974)), *abrogation on other grounds recognized by Salazar v. City of Chi.*, 940 F.2d 233 (7th Cir.1991).  In such a case, mootness does not apply if the parties can expect "that the successor in office will continue the relevant policies of his predecessor[.]" *Id.*

A court applies such tests of standing in a relaxed manner in First Amendment cases. *Eisenstadt v. Baird*, 405 U.S. 438, 446, 92 S. Ct. 1029, 1035, 31 L. Ed. 2d 349 (1972); *Sequoia Books, Inc. v. Ingemunson*, 901 F.2d 630, 634 (7th Cir. 1990).  The standards are particularly relaxed regarding the showing of ongoing or future injury. *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019), *as amended* (Jan. 9, 2019).

Here, the Court found that Kremer violated OWN's First Amendment rights in its opinion and order on summary judgment when it blocked OWN from his Twitter account (Dkt.#80 at 27-29) but Kremer left office before relief was determined and judgment entered, evading OWN's attempts to fully litigate the action.  Nonetheless, there is a

reasonable expectation that OWN could be subjected to the same conduct by Kremer's successor, who recently created an official Twitter account that OWN now follows.

To wit, Ramthun occupies Kremer's former office as a member of the same political party.  (Browne Dec. ¶ 4, Exs. A, B.)  Within the first month of Ramthun's tenure in that office, he has created a self-described "official" Twitter account, using the handle "@RepRamthun," which manifests strong similarities to Kremer's in both its governmental purpose and the trappings of office. (Browne Dec. ¶ 4, Exs. A, B.)  The account home page is in the name of "Rep. Timothy Ramthun," described as "Official Twitter page for Wisconsin State Representative Timothy Ramthun of the 59th Assembly District."  (*Id.* Ex. A.)  It links to his legislative website (id.), and Representative Ramthun's legislative website in turn links his @RepRamthun Twitter feed (*id.* Ex. B).

On February 1, 2019, OWN discovered and began following Ramthun's account, and OWN would like to continue doing so in the future.  (Browne Dec. ¶¶ 5, 7.)  OWN is thus just as capable of injury by Ramthun as it was by Kremer.

Indeed, Ramthun lauds and espouses Kremer's values, specifically those regarding the First Amendment, and has publicly pledged himself to following them. (Browne Dec. ¶ 6, Ex. C.)  One might thus reasonably expect Ramthun's office, absent further relief, to continue Kremer's policies with regard to speakers and speech such as OWN and to repeat the same harm that Kremer caused OWN via his Twitter account.[1]

Moreover, the risk of repeated injury here is arguably greater than the risk found sufficient to establish standing in the same context elsewhere.  In *Davidson*, for instance,

---

[1] The mere fact that Ramthun has not *yet* blocked OWN from his Twitter account does not prove that he will not do so on the same or similar content-based rationale, or on other grounds that would be unconstitutional. Maintaining standing depends not on a successor's preservation of a single *act* of his predecessor, but rather on his preservation, generally, of his predecessor's *policies. Kincaid*, 670 F.2d at 741.

which the Court and parties have cited throughout this case, the defendant only blocked[2] the plaintiff from her social media account for a few hours over a single night before voluntarily unblocking him. *Davison v. Loudoun Cty. Bd. of Supervisors*, 267 F. Supp. 3d 702, 718 (E.D. Va. 2017), *aff'd sub nom. Davison v. Randall*, 912 F.3d 666. By contrast, Kremer neither unblocked OWN nor renounced his right to do so before leaving office and deactivating his account well over a year after the fact. (Dkt #73.) Moreover, by the time that the *Davidson* Court granted relief to the plaintiff, he had been voluntarily unblocked by the Defendant for far longer than Ramthun has even been in office. *Id.*; (Dkt #73).

Therefore, OWN can reasonably expect that Kremer's blocking is capable of repetition by Ramthun, and/or that the 59th Assembly District's office will not abandon the Twitter-blocking policies instituted by Ramthun's predecessor.

## II.   OWN's claim is not moot because it seeks relief appropriate and available against Ramthun.

The relief that OWN seeks in this case does not "make[] it impossible for the court to grant any effectual relief whatever to a prevailing party." *See Pakovich*, 653 F.3d at 492. OWN has asked this Court, *inter alia*, to declare that Defendants acted under color of law when they created and operated their accounts and that the interactive portions of the accounts are public forums. (Dkt #81 at 5.) Such a declaration is equally appropriate with respect to Ramthun and does not depend on him having personally caused injury to OWN.

This relief is in keeping with the relief awarded in *Davison*. 267 F. Supp. 3d at 723–24. The *Davison* Court held that the "uncertainty regarding the legal status of [the social media account at issue] may appropriately be resolved through the issuance of a declaratory judgment." *Id.* at 723. This case likewise was brought, at least in part, to resolve the

---

[2] The analogous term for "blocked" on Facebook, the social media service at issue in *Davidson*, is actually "banned." *Davison*, 267 F. Supp. 3d 702.

uncertainty of the status of the Twitter accounts of the Defendants.  The record does not reflect that either Kremer or his successor, Ramthun, has done anything to resolve that uncertainty.  Therefore, the Court should do so by awarding OWN declaratory relief against all Defendants, including Ramthun.

For the same reasons, Defendants' arguments based on Eleventh Amendment immunity fail. (Dkt.#72 at 4-6.)  At the time OWN filed suit against Kremer, a violation of federal law was ongoing due to Kremer's continued blocking.  While Ramthun is not currently blocking OWN, OWN has reason to be concerned that he will do so in the future, as his predecessor did.  "Under the landmark case of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, the Eleventh Amendment does not bar a citizen from seeking injunctive **or declaratory relief** against a state official "to conform [his] future conduct to the requirements of federal law."  *Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986) (emphasis added) (quoting *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed. 2d 358).  Declaratory relief in this case would ensure Ramthun confirms his future conduct to the requirements of the Constitution.

The relief sought against Ramthun is appropriate and precludes dismissal for mootness or under the Eleventh Amendment.

**III.   If the Court cannot determine on the present record whether OWN's claim against Ramthun is moot, it should allow fact finding to properly develop the record as to this issue.**

Where the record does not allow a court to fairly determine whether a claim is moot, the court should allow for additional fact finding on that narrow issue. *Ciarpaglini v. Norwood*, 817 F.3d 541, 546 (7th Cir. 2016).  Defendants concede this point. (Dkt #72 at 1-2.)

Since Kremer announced his intention not to seek reelection—on the same day that the parties agreed to the operative scheduling order at preliminary pretrial conference—OWN has long anticipated that Defendants would try to avail themselves of the mootness doctrine, filing their summary judgment motion early. (Dkt #35 at 1-2.)  Because of that scheduling order, however, discovery closed prior to Ramthun taking office, and OWN has not had the opportunity to fully develop the facts as to Ramthun. (Dkt #12, Dkt #72 at 2.)

As explained above, sufficient evidence exists that the injury to OWN is capable of repetition and that Ramthun has not changed the policies that Kremer instituted in the 59th Assembly District office.  If the Court requires additional facts to resolve this matter, however, OWN asks the Court to either reopen discovery for the limited purpose of developing facts on this issue or permit testimony on this issue at the previously-scheduled March 11, 2019, hearing.

**CONCLUSION**

For the reasons stated above, the Court should deny Defendants' Motion to Dismiss Kremer, now Ramthun, for mootness.

Dated this 1st day of February, 2019.

PINES BACH LLP

*/s/ Aaron G. Dumas*
Lester A. Pines, SBN 1016543
Christa O. Westerberg, SBN 1040530
Aaron G. Dumas, SBN 1087951
122 West Washington Ave., Ste. 900
Madison, WI 53703
(608) 251-0101 (telephone)
(608) 251-2883 (facsimile)
lpines@pinesbach.com
cwesterberg@pinesbach.com
adumas@pinesbach.com

*Attorneys for Plaintiff, One Wisconsin Now*