IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ONE WISCONSIN NOW,

    Plaintiff,

v.                                          Case No. 17-CV-0820

JESSE KREMER, JOHN NYGREN,
ROBIN VOS, in their official capacities,

    Defendants.

**DEFENDANTS' RESPONSE BRIEF ON THE REMAINING ISSUE OF RELIEF**

**This Court should deny Plaintiff One Wisconsin Now's request for a permanent injunction because a declaration provides OWN relief.**

Plaintiff One Wisconsin Now (OWN) seeks a permanent injunction against Defendants Vos and Nygren, requiring them to unblock OWN from the @repvos and @rep89 Twitter accounts and prohibiting them from blocking OWN in the future. (Dkt. 80:1–4.) But no injunction is warranted because a declaration provides OWN with complete relief.[1] Further, declaratory relief, unlike injunctive relief, will bind these defendants without requiring court

---

[1] Defendants do not concede liability on the merits or waive the right to appeal. Further, Defendants continue to assert that OWN is entitled to no relief at all as to Ramthun because its claim against him is moot.

y

oversight. Vos and Nygren urge this Court to deny OWN's request for a permanent injunction.

As an initial matter, Defendants have not "conceded that Plaintiff is entitled to injunctive relief," as OWN claims. (Dkt. 81:2.) Defendants could not have conceded that at summary judgment because OWN had not yet been successful on the merits—one of four factors a court may use in determining whether a party is entitled to a permanent injunction. (Dkt. 81:2 (citing *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012).) Further, even if OWN meets the four factors, which Defendants do not concede as explained further below, "the decision whether to grant or deny permanent injunctive relief is an act of equitable discretion of the district court." *eBay, Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 394 (2006). So, OWN can never be "entitled" to a permanent injunction.

A permanent injunction is a drastic and extraordinary remedy. *Monsato Co. v. Geerston Seedfarms, Inc.*, 561 U.S. 139, 165–66 (2010). For this reason, the Seventh Circuit favors declarations over injunctions. *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010) (citing *Horne v. Flores,* 557 U.S. 433 (2009) (discouraging the use of regulatory injunctions in litigation against parts of state government)). The decision to grant declaratory relief over injunctive relief is a discretionary one. *Id*.

Here, a declaration, and not a permanent injunction, is the proper type of relief. Given that the Court has found a First Amendment violation, it may simply declare—to the extent its summary judgment decision does not suffice—that the blocking of OWN from the Vos and Nygren Twitter accounts, @repvos and @rep89, respectively, based on its political views, violates the First Amendment.[2] Defendants Vos and Nygren understand that they must conform their conduct to any declaratory judgment issued by this Court. *Badger Catholic*, 620 F.3d at 782 ("A litigant who tries to evade a federal court's judgment—and a declaratory judgment is a real judgment, not just a bit of friendly advice—will come to regret it."). Indeed, they have already unblocked OWN from these accounts.[3] And OWN has submitted no evidence that these defendants would fail to abide by any such formal declaratory judgment.

---

[2] OWN does not seem to construe the Court's summary judgment decision as a sufficient declaration, given its request for a "declaratory judgment" in its brief. (Dkt. 81:4–5.)

[3] Vos and Nygren have unblocked OWN from the Twitter accounts at issue but have muted it. OWN has previously conceded that the muting of a Twitter follower raises no First Amendment violation. (Dkt. 28:35.)

Further, the permanent injunction that OWN seeks[4] risks leaving this Court involved in the minutia of these two Twitter accounts. However, Twitter accounts are fluid and undoubtedly will change appearance, and OWN may not always engage in protected speech. Those facts mean this case does not lend itself to an injunction.

This Court held that Vos and Nygren act under color of law in operating their Twitter accounts through, in part, a "swathed in the trapping of office" theory. According to this Court, Vos and Nygren used their authority as state representatives to create the Twitter accounts and continue to use this authority to operate them. For example, the Court referenced the display of Vos's and Nygren's status as state representatives, a link to Nygren's official state representative homepage, and "header" images on both pages. (Dkt. 80:15, 19–22.) But the Court also acknowledged that some aspects of the accounts are what the district court in *Davidson v. Loudon County Board of Supervisors*, 267 F. Supp. 3d 702, 712 (E.D. Va. 2017), called "entirely private." (Dkt. 80:17–18.) For example, Nygren issues tweets to allow followers to get to know him more fully and Vos issues personal tweets as well. (Dkt. 80:12–13.) Also, Vos does not use legislative staff to operate the

---

[4] "[A] permanent injunction requiring Defendants to unblock [OWN] from Defendants' accounts, and prohibiting Defendants from blocking [OWN] or others from the Accounts." (Dkt. 81:1 (citing Dkt. 17:18).)

Twitter account and he does not have a link to his legislator homepage or any contact information regarding his office. (Dkt. 80:13.)[5]

Although this Court ruled that Vos and Nygren act under color of law based on the totality of the circumstances of their accounts, those circumstances are changeable. (Dkt. 80:17.) First, Vos and Nygren will not hold state office forever. At that point, Vos's and Nygren's tweets would not concern state legislative matters unique to their status as state representatives (Dkt. 80:20–22), nor would their Twitter accounts be "swathed in the trappings of office." Vos and Nygren will then act solely as private citizens. Second, Vos and Nygren may choose to alter the appearance of their Twitter accounts conform to this Court's summary judgment decision, removing the aspects of their Twitter accounts that push them into under-color-of-law territory. When either of these changes occur, the interactive space on each Twitter account would not be a designated public forum and there would be no First Amendment violation. A declaration requires no further litigation. On the other hand, under a permanent injunction, Vos and Nygren may be forced to return to Court to vacate the injunction. In *Badger Catholic*, the Seventh Circuit realized that the district court correctly rejected

---

[5] In addition, Vos's office operates the @SpeakerVos Twitter account, which (unlike @repvos) includes a link to Vos's legislator homepage. (Dkt. 80:20–21.)

an injunction because "the details required by Fed. R. Civ. P. 65(d)(1)(C) would be considerably more elaborate than the terms of the declaratory judgment." 620 F.3d at 782. Here, given that Vos and Nygren act under color of law based on the totality of the circumstances test, and those circumstances will unquestionably change, the Fed. R. Civ. P. 65(d)(1)(C)[6] details of any injunction would be considerable. As the court explained, "If the entry of a regulatory injunction can be avoided by a simpler declaratory judgment, everyone comes out ahead." *Badger Catholic, Inc.*, 620 F.3d at 782.

In addition, while OWN claims that injunctive relief is appropriate here, it has not cited one decision in which a district court issued a permanent injunction against a public official after finding unconstitutional the blocking or banning of a speaker from a social media account. In the most prominent case to date, the district court in *Knight First Amendment Institute v. Trump,* 302 F. Supp. 3d 541, 579 (S.D.N.Y. 2018), recognized that a permanent injunction was not appropriate when a declaration would suffice.[7]

---

[6] "[D]escribe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(a)(1)(C).

[7] Even though the district court concluded that it could award injunctive relief against the White House Social Media Director (rejecting separation of powers arguments), it still declined to do so in favor of a declaration. *Knight*, 302 F. Supp. 3d at 579.

Finally, although the Court does not need to reach the factors in considering a permanent injunction, *see ADT Sec. Servs.,* 672 F.3d at 498, Defendants will address them for completeness. First, OWN has obtained success on the merits. Second, to the extent OWN has been harmed by being blocked, Vos and Nygren have already unblocked the group, thereby stopping any continued harm and obviating the need for any injunction. Lastly, Defendants' entire argument above can be construed as opposition to OWN's argument in support of the third and fourth factors: the benefits of granting an injunction outweigh injury to Defendants, and the public interest will not be harmed by an injunction.

Defendants Vos and Nygren strongly urge this Court to deny OWN's request for a permanent injunction and, without conceding liability on the merits or waiving the right to appeal, to limit the relief to a declaration. And because OWN's claim against Defendant Ramthun is moot, no relief as to his office should be granted whatsoever. (Dkt. 71; Dkt. 81:4–5: Dkt. 87.)

## CONCLUSION

OWN's request for a permanent injunction against Vos and Nygren should be denied. A declaration is the only relief necessary. OWN's request for a declaratory judgment as to Ramthun should be denied.[8]

Dated this 12th day of February, 2019.

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin

    Electronically signed by:

    s/ Steven C. Kilpatrick
    STEVEN C. KILPATRICK
    Assistant Attorney General
    State Bar #1025452

    Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792
(608) 267-2223 (Fax)
kilpatricksc@doj.state.wi.us

---

[8] Because OWN has not filed a motion seeking attorneys' fees and costs, but rather just indicate they intend to in the future, Defendants do not address the issue in this brief. (Dkt. 81:6.)