IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ONE WISCONSIN NOW,

           Plaintiff,

v.

JESSE KREMER, JOHN NYGREN, and
ROBIN VOS, in their official capacities,

           Defendants.

OPINION AND ORDER

17-cv-820-wmc

In a prior opinion and order, the court determined that defendants Jesse Kramer, John Nygren and Robin Vos -- all elected members of the Wisconsin State Assembly -- violated plaintiff One Wisconsin Now's First Amendment rights by blocking it from their respective Twitter pages. (1/18/19 Op. & Order (dkt. #80).) The court then directed the parties to submit briefs on the appropriate relief in light of this finding of liability. Having reviewed those submissions, the court will enter a declaratory judgment and direct plaintiff to submit its motion for attorney's fees, but will decline to enter an injunction at this time. Also before the court is defendants' motion to dismiss plaintiff's claims against defendant Jesse Kremer as moot given that he is no longer a state representative. (Dkt. #84.) For the reasons that follow, the court will grant that motion.

OPINION

I. **Mootness of Claim Against Defendant Jesse Kremer and Proposed Substitution of Defendant Timothy Ramthun**

As described in the court's prior opinion and order, defendant Jesse Kremer opted not to run for reelection. Instead, Timothy S. Ramthun was elected and now serves as the State Representative to Wisconsin's 59th Assembly District. Under Federal Rule of Civil Procedure

25(d), Ramthun would ordinarily be automatically substituted for Kremer, though there is no need to change the caption given that this order disposes of the case, leaving only the issue of attorney's fees remaining. Defendants further seek to dismiss plaintiff's claim against Kremer (now ostensibly asserted against Ramthun) on mootness grounds.

Plaintiff essentially concedes that Kremer's leaving public office renders its claim for injunctive relief against him moot. In particular, for obvious reasons, plaintiff no longer has any need to seek entry of an injunction against him. Still, plaintiff argues that a claim against the *new* state representative is not moot because "there is a reasonable expectation that OWN could be subjected to the same conduct by Kremer's successor, who recently created an official Twitter account that OWN now follows." (Pl.'s Opp'n (dkt. #85) 3.) This is a silly argument. The fact that Ramthun now has a Twitter account with some of the same features of Kremer's does not mean that he is likely to block OWN, especially in light of this court's decision that Representatives Vos, Nygren and Kremer violated OWN's First Amendment rights. To the extent that he does, plaintiff is free to bring another lawsuit against Ramthun, but the court will not presume a future violation will occur, much less allow plaintiff to pursue a claim against Ramthun based on the facts before it in this lawsuit. Even so, Jesse Kremer remains as a defendant for purposes of seeking declaratory judgment as set forth below, since the violation of plaintiff's rights occurred during his time in office.

## II. Appropriate Remedies

Moving to the question of relief against the existing defendants, plaintiff seeks three remedies: (1) a declaration that defendants' actions violated their First Amendment rights; (2) an injunction requiring defendants Vos and Nygren to unblock plaintiff from their twitter

2

accounts and prohibiting them from blocking them in the future; and (3) an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). Defendants do not dispute that a declaration is appropriate and remain silent as to an award of attorneys' fees, but contend that the court need not, and should not, enter an injunction.

The determination of whether to enter an inunction in addition to a declaratory judgment is left to the discretion of the district court. *See Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010). As the Seventh Circuit explained in *Badger Catholic*, "[a] declaratory judgment cannot be enforced by contempt proceedings, but it has the same effect as an injunction in fixing the parties' legal entitlement." *Id.* (citing *Steffel v. Thompson*, 415 U.S. 452, 466-71 (1974)). Moreover, the court further explained, "[a] litigant who tries to evade a federal court's judgment—and a declaratory judgment is a real judgment, not just a bit of friendly advice—will come to regret it." *Id.*

In its submission on remedies, which was filed before defendants' response, plaintiff focused on the four-factor test set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). The court finds no fault in plaintiff's analysis, agreeing that the four factors are satisfied in this case. Still, the question remains whether an injunction is necessary. Anticipating defendants' argument, plaintiff points to a footnote in defendants' opposition brief to plaintiff's motion for summary judgment, in which defendants state that they "do not disagree [that OWN has met the legal requirements for an injunction] if the Court holds the defendants liable." (Defs.' Opp'n (dkt. #57) 33 n.8.) Given the context, this statement appears to be more of a concession that a finding of liability, coupled with the recognition that a violation of First Amendment rights constitutes irreparable injury, could form a sufficient basis for the award of an injunction, rather than a formal relinquishment of their right to argue

3

against an injunction, never mind against the scope of any injunction.

Regardless, entry of an equitable remedy is ultimately for the court to decide and, as defendants argue in their brief, there are several reasons why an injunction may unnecessarily complicate this case. First, the injunction would need to be limited, so that it did not encroach on defendants' rights to block plaintiff or other individuals or entities for legitimate reasons not implicating First Amendment concerns. Second, defendants may opt to change their Twitter accounts in a manner sufficient to remove the "swathings" of state action and the reach of the public forum doctrine. Finally, defendants Vos and Nygren represent that they unblocked OWN following the court's summary judgment decision, providing additional support that the availability of a contempt proceeding offered by an injunction is not necessary here. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. Such abandonment is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice, but that is a matter relating to the exercise rather than the existence of judicial power.").

While a close question, the court concludes a declaratory judgment will provide sufficient relief here, making an injunction an unnecessary complication. *See Badger Catholic*, 620 F.3d at 783 ("If the entry of a regulatory injunction can be avoided by a simpler declaratory judgment, everyone comes out ahead.") (citing *Horne v. Flores*, 557 U.S. 433, 449 (2009) (discouraging the use of regulatory injunction in litigation against parts of state government)); *see also Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 579 (S.D.N.Y. 2018) (declining to enter an injunction despite finding blocking access to a Twitter

Account violated plaintiff's First Amendment rights and allowed for the entry of such "because declaratory relief is likely to achieve the same purpose").

ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss on mootness grounds (dkt. #71) is GRANTED as to substituted defendant Timothy S. Ramthun only.

2) Having found liability, the court GRANTS plaintiff's request for a declaratory judgment as follows: Defendants Jesse Kremer, John Nygren and Robin Vos violated plaintiff One Wisconsin Now's First Amendment rights in blocking plaintiff from their respective government Twitter accounts.

3) Plaintiff may have until June 7, 2019, to submit a motion and all supporting materials for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988(b). Defendants' response, if any, is due June 21, 2019, with plaintiff's reply due June 28, 2019.

Entered this 17th day of May, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge